# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AMADORA SYSTEMS LLC,<br><br>Plaintiff<br><br>v.<br><br>AUSTIN BANCORP, INC.,<br><br>Defendant | Case No. 2:24-cv-00612-JRG<br>CONSOLIDATED LEAD CASE<br>JURY TRIAL DEMANDED [ALL] |
| AMADORA SYSTEMS LLC<br>v.<br>JPMORGAN CHASE BANK, N.A. | Case No. 2:24-cv-00609-JRG<br>Member Case |
| AMADORA SYSTEMS LLC<br>v.<br>BANK OF TEXAS, a Division of BOKF, N.A. | Case No. 2:24-cv-00614-JRG<br>Member Case |
| AMADORA SYSTEMS LLC<br>v.<br>REGIONS BANK | Case No. 2:24-cv-00618-JRG<br>Member Case |
| AMADORA SYSTEMS LLC<br>v.<br>TEXAS BANK & TRUST COMPANY | Case No. 2:24-cv-00619-JRG<br>Member Case |
| AMADORA SYSTEMS LLC<br>v.<br>TRUIST BANK | Case No. 2:24-cv-00621-JRG<br>Member Case |

| | |
|---|---|
| **AMADORA SYSTEMS LLC**<br>v.<br>**VERABANK, N.A.** | Case No. 2:24-cv-00622-JRG<br>Member Case |

### [PROPOSED] DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.** **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

        ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

  (b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

  (c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.**    **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1–3 together with:

  (a)    <u>Definitions.</u> For purpose of this Paragraph, "Plaintiff" refers to Amadora Systems LLC. For purposes of this Paragraph, "Defendants" refers collectively to Austin Bancorp, JPMorgan Chase Bank, N.A., Bank of Texas, Regions Bank, Texas Bank

      & Trust Company, Truist Bank, and VeraBank.  For purposes of this Paragraph, "Side" means a party or group of parties with a common interest with respect to this lawsuit, with one Side consisting of at least Plaintiff and another Side consisting of at least Defendants.

(b) <u>Interrogatories.</u>  Plaintiff may serve up to twenty-five (25) interrogatories on each individual Defendant.  Each Defendant may serve up to twenty-five (25) interrogatories on Plaintiff, consisting of up to eight (8) joint interrogatories served by all Defendants, and up to seventeen (17) individual interrogatories for each Defendant.  The parties agree to provide initial answers to interrogatories in good faith and to the extent not objected to within thirty (30) days of receipt.

(c) <u>Requests for Admission.</u>  Each Side may serve thirty (30) common requests for admission on the other Side.  In addition, Plaintiff may serve up to ten (10) individual requests for admission on each Defendant and each Defendant may serve up to ten (10) individual requests for admission on Plaintiff.  Requests that a party admit to (i) the authenticity of a document or thing; (ii) the admissibility of a document or thing; or (iii) whether a system was "known or used by others" or a document qualifies as a "printed publication" as of a certain date under 35 U.S.C. § 102 shall not count against the total requests for admission; the parties are required to meet and confer in good faith prior to serving any such requests for admission, and specifically to consider a stipulation as an alternative to use of such requests for admission.

(d) <u>Party Depositions.</u>  Inclusive of both Rule 30(b)(1) and Rule 30(b)(6) depositions, Plaintiff may take up to thirty (30) total hours of deposition testimony of each

- 5 -

Defendant. Each Defendant may take up to twenty (20) total hours of deposition testimony of Plaintiff (inclusive of both Rule 30(b)(1) and Rule 30(b)(6) depositions), consisting of up to ten (10) hours to be divided as Defendants deem appropriate and ten (10) hours for each Defendant. Depositions of third parties do not count against these limits. For party witnesses, no more than seven (7) hours of fact deposition shall be taken of any natural person deposed in his or her personal capacity (*i.e.,* not as a designee of an entity under Fed. R. Civ. P. 30(b)(6)). Each natural person providing deposition testimony in his or her capacity as a designee of an entity under Fed. R. Civ. P. 30(b)(6) shall simultaneously testify as to information within his or her personal knowledge. No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent. Each deposition shall count for at least 3 hours towards the totals listed above, even if the deposition lasts for less than 3 hours on the record. The parties shall meet and confer in good faith to schedule depositions under Fed. R. Civ. P. 30(b)(6) at a time and place that is convenient for the deponent and the parties. Depositions may be conducted virtually, through remote video, if both parties consent or if necessary to comply with public health orders. In-person depositions will be conducted at a location that is convenient for the witnesses, or as otherwise agreed upon by the parties. If an interpreter is necessary for a deposition, that witness may be deposed for an additional amount of time up to one-half of the standard deposition time.[3]

---

[3] The limitation on the maximum hours any deponent may deposed in one day still applies; a deposition requiring longer than 7 actual hours shall continue to the next day unless otherwise agreed by the parties.

(e) <u>Expert Depositions.</u> Each expert may be deposed for up to seven (7) hours per report. If an expert submits a report on a single topic that is common to multiple parties (for example, relating to invalidity), then the other Side shall be entitled to only seven (7) total hours of deposition for that report. (If there are multiple parties on such other Side, they may divide the time as they deem appropriate.) If a Party uses the same expert but submits two reports on two different topics (for example, one relating to infringement and one relating to invalidity), then the other Side shall be entitled to fourteen (14) total hours of deposition of that expert (still limited to seven (7) hours per report, but may use a different questioning attorney for each topic). (If there are multiple parties on such other Side, they may divide the time as they deem appropriate.) If an expert submits a single report on two different topics (for example, relating to both infringement by one Defendant and infringement by another Defendant) the report will be deemed to be two reports and the other Side will be entitled to fourteen (14) total hours of deposition of that expert (still limited to seven (7) hours per report, but may use a different questioning attorney for each topic). (If there are multiple parties on such other Side, they may divide the time as they deem appropriate.) These examples are meant to be illustrative for clarification purposes and are not meant to be exhaustive. No more than seven (7) hours of deposition may be taken of one person in one day without the consent of the deponent. The number of expert deposition hours may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet

    and confer in a good faith attempt to resolve the issue without the need for intervention by the Court.

 (f) <u>Non-party Depositions.</u>  Plaintiff may take up to forty-two (42) hours of non-party depositions.  Each Defendant may individually take up to 20 hours of non-party deposition testimony, and Defendants collectively may take up to 30 additional hours of non-party deposition testimony.

 (g) <u>Interpretation.</u>  If an interpreter is necessary for a deposition, that witness may be deposed for an additional amount of time up to one-half of the deposition time.

Any party may later move to modify these limitations for good cause.

**6.** **Privileged Information.** There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the

   party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written

|     |     |
| --- | --- |
|     | statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel. |
| (b) | An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court. |
| (c) | Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention. |
| (d) | Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). |
| (e) | Any change to a party's lead attorney designation must be accomplished by motion and order. |
| (f) | Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e). |

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.** The parties stipulate and agree as follows:

   a. <u>Service by Electronic Mail.</u> The parties will make every effort to serve by email all documents filed under seal within two (2) hours. A party may serve all documents by email on another party by sending the documents to the email group address designated by a party, or if no such group is designated, to email address for all counsel of record for the party.[4] Documents emailed by 11:59 p.m. CT shall be deemed timely served.

   b. <u>Production of Materials Obtained Via Third-party Subpoena.</u> A party who intends to serve a subpoena on a third party shall serve a notice and a copy of the subpoena on each other party before it is served on the person to whom the subpoena is directed. A party who receives documents from a third party pursuant to a subpoena will endeavor in good faith to reproduce those documents to the other party within three (3) business days. Where reproduction of documents within 3 business days

---

[4] Service via FTP site with emailed link and (if applicable) password information or other appropriate electronic means shall be deemed to comport with the requirements of electronic service.

    is not reasonably practicable, the party who received the documents will provide prompt notice to the other party (within 3 business days) and will work in good faith to resolve the issue on a case-by-case basis. The parties agree to consult with each other before scheduling any third-party deposition or inspection and to provide at least five (5) business days' notice to allow for the coordination of the depositions or inspections.

    c.    <u>Expert Disclosures.</u> The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, outlines, notes, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless considered by the expert in forming his or her opinions. The materials exempt from discovery listed in this subsection do not need to be logged in a privilege log. If an expert produces a report, the expert must produce his or her final report and, within two days of service of each report, a copy of all materials which the expert relied on, to the extent they have not already been produced.

    d.    <u>Non-Waiver of Privilege.</u> A party's inadvertent production of materials covered by the attorney–client privilege, work-product protection, common interest privilege, or similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privileged or work-product protected documents in this case as part of a larger production is

not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced materials after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which such notice is given, the producing party must promptly supply a privilege log supporting the claim of privilege with respect to the materials at issue, thereby enabling the receiving party to dispute the assertion of privilege or protection in accordance with Paragraph 6 above. In response to such notice, the receiving party shall, within at most three (3) days, (i) promptly return and/or destroy the produced materials, and destroy any copies and/or work product created from such materials, or (ii) provide written notice to the producing party that the receiving party is challenging the producing party's assertion of privilege or other protection. If the dispute cannot be resolved, the parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the receiving party shall seek relief from the court within seven (7) days. During the time a challenge is unresolved, and before the Court rules the information is not privileged or protected, the receiving party shall use the produced materials only for the challenge and shall sequester the produced materials and any copies and/or work product created from such materials from use for any other purpose.

e. <u>Privilege Log.</u> The parties agree that, except as provided in Paragraph 12(d) above, the parties shall not be required to log any privileged document or communication created on or after the filing date of the Original Complaints in each of the

respective cases. The parties reserve all rights to seek discovery relating to communications created before the filing of this lawsuit.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.